UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Chapter 7

| | |
|---|---|
| A & B MART & SERVICE, INC. | Case No.: 15-70118-ast |
| BOHEMIA DEVELOPMENT CORP. | Case No.: 15-70119-ast |
| CENTEREACH DEVELOPMENT CORP. | Case No.: 15-70120-ast |
| CORAM ASSOCIATES CORP. | Case No.: 15-70121-ast |
| HAUPPAUGE DEVELOPMENT CORP. | Case No.: 15-70122-ast |
| NORTHPORT ENTERPRISES INC. | Case No.: 15-70123-ast |
| VALLEY STREAM ENTERPRISES INC. | Case No.: 15-70124-ast |

                    Debtors.            (Jointly Administered)
-----------------------------------------------------------X

**STIPULATION AND ORDER BETWEEN TRUSTEE
AND NEW YORK COMMERCIAL BANK**

**IT IS HEREBY STIPULATED AND AGREED** by and between Robert L. Pryor, Esq., the Interim Chapter 7 Trustee (the "Trustee") of the above captioned jointly administered estates (the "Bankruptcy Estates") and New York Commercial Bank ("NYCX") as follows:

**WHEREAS**, on January 13th, 2015 ("Petition Date") A & B Mart & Service, Inc., Bohemia Development Corp., Centereach Development Corp., Coram Associates Corp., Hauppauge Development Corp., Northport Enterprises Inc., and Valley Stream Enterprises Inc. (collectively, the "Debtors") each filed petitions for relief from their creditors pursuant to Chapter 7 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code"); and

**WHEREAS**, on January 13th, 2015, the Trustee was appointed and is acting as Interim Trustee of the above captioned Chapter 7 bankruptcy cases ("Bankruptcy Cases"); and

**WHEREAS**, on January 23, 2015 the Bankruptcy Court entered an order directing the procedural consolidation and joint administration of the Bankruptcy Cases; and

**WHEREAS**, prior to the Petition Date each of the Debtors operated gas stations at various locations on Long Island; and

**WHEREAS**, NYCX is a secured creditor of all of the Debtors, holding a first priority blanket security interest in all of the Debtors' assets in the amount of approximately $6,482,893.94 as of the Petition Date; and

**WHEREAS**, the Trustee and NYCX have agreed to an arrangement, under the terms and conditions as set forth in this Stipulation and Order, whereby NYCX will agree that a portion of any proceeds recovered by the Trustee on account of any assets, in which NYCX holds a security interest will be shared with the Bankruptcy Estates (the "NYCX Collateral").

**NOW, THEREFORE, IT IS STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1. The foregoing paragraphs are incorporated herein by reference and agreed to by the parties.

2. All funds recovered by the Trustee in connection with the administration of these Bankruptcy Cases (the "Gross Recovery") shall be paid to the Trustee and deposited into the Trustee's account for the Debtors' Bankruptcy Estates.

3. The Gross Recovery shall be distributed as follows:

   A. Each ONE DOLLAR ($1.00) of Gross Recovery shall be distributed:

      (i) first, to pay all usual and customary costs and expenses necessary to effectuate the closing of the sale of the Debtors' assets and any amounts owed to Cumberland Farm Inc. and its subsidiary, Gulf Oil Limited Partnership;

      (ii) next $0.50 to NYCX on account of its secured claim until such time as the secured claim has been paid in full;

      (iii) next $0.50 to the Bankruptcy Estates (the "Estate Funds").

      (iv) From the distributions contemplated under (ii) and (iii) NYCX and the Bankruptcy Estate shall each pay

        50% of the commissions and expenses of any auctioneer or other professional retained to sell the NYCX Collateral.

4. That amounts to be paid to NYCX and the Bankruptcy Estates shall be paid as set forth in paragraph 3(A) above, shall be distributed as follows: (i) the distribution to NYCX set-forth in paragraph 3 shall be paid by the Trustee to NYCX as soon as practicable, but no later than 7 business days after the funds from the closings contemplated herein have cleared the Trustee's accounts for the respective Bankruptcy Estates less the amount estimated due under section 3(A)(iv); (ii) the remainder of the funds shall be used to pay all administrative expenses allowed under 11 U.S.C. § 503(b), including the administrative expenses of the Trustee incurred in connection with the administration of these Bankruptcy Estates with the remainder to be distributed to the creditors in accordance with the provisions of the Bankruptcy Code.

5. This Stipulation may be executed in multiple counterparts and/or by facsimile or e-mail signatures, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument having full force and effect.

6. Any construction to be made of this Stipulation shall not be construed for or against either party hereto but rather shall be given a fair and reasonable interpretation based upon the plain language of the Stipulation and the express intent of the parties.

Dated: Westbury, New York
     February  9 , 2015        PRYOR & MANDELUP, L. L.P.
                                       Attorneys for Robert L. Pryor,
                                       InterimTrustee

                         By:   */s/ Anthony F. Giuliano*
                                Anthony F. Giuliano
                            675 Old Country Road
                            Westbury, NY 11590
                            516-997-0999

Dated: Garden City, New York
     February   9  , 2015         CULLEN & DYKMAN, L.L.P.
                                    Attorneys for New York Commercial Bank

                        By:    */s/ Matthew G. Roseman*
                                     Matthew G. Roseman, Esq.
                                     Bonnie L. Pollack, Esq.
                            100 Quentin Roosevelt Blvd.
                            Garden City, NY 11530
                            516-357-3700

**SO ORDERED:**



**Dated: March 11, 2015**                                     **Alan S. Trust**
      **Central Islip, New York**                     **United States Bankruptcy Judge**