UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                          Chapter 7

| | |
|---|---|
| A & B MART & SERVICE, INC. | Case No.: 15-70118-ast |
| BOHEMIA DEVELOPMENT CORP. | Case No.: 15-70119-ast |
| CENTEREACH DEVELOPMENT CORP. | Case No.: 15-70120-ast |
| CORAM ASSOCIATES CORP. | Case No.: 15-70121-ast |
| HAUPPAUGE DEVELOPMENT CORP. | Case No.: 15-70122-ast |
| NORTHPORT ENTERPRISES INC. | Case No.: 15-70123-ast |
| VALLEY STREAM ENTERPRISES INC. | Case No.: 15-70124-ast |

                       Debtors.             (Jointly Administered)
-----------------------------------------------------------X

**STIPULATION AND ORDER BETWEEN TRUSTEE AND CUMBERLAND FARMS, INC. AND ITS SUBSIDIARY, GULF OIL LIMITED PARTNERSHIP**

**WHEREAS**, on January 13, 2015 ("Petition Date") A & B Mart & Service, Inc., Bohemia Development Corp., Centereach Development Corp., Coram Associates Corp., Hauppauge Development Corp., Northport Enterprises Inc., and Valley Stream Enterprises Inc. (collectively, the "Debtors") each filed petitions for relief from their creditors pursuant to Chapter 7 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code"); and

**WHEREAS**, these Chapter 7 Bankruptcy Cases are related to fifteen Chapter 11 bankruptcy which are presently pending in the Bankruptcy Court for the Eastern District of New York jointly administered under lead case Medford Development Corp., Case No. 14-75666 (collectively, the "Chapter 11 Debtors"); and

**WHEREAS**, at the Meeting of Creditors held pursuant to Section 341(a) of the Bankruptcy Code, Robert L. Pryor, Esq. ("Trustee") was appointed, and is acting as, the Chapter 7 Trustee of the above-captioned bankruptcy cases ("Bankruptcy Cases"); and

**WHEREAS**, prior to the Petition Date, in connection with the Debtors' operation of gas

stations, the Debtors each entered into various agreements with Cumberland Farms, Inc. ("Cumberland") and its subsidiary, Gulf Oil Limited Partnership (together "Gulf") and/or ExxonMobil Oil Corporation ("Mobil") including: (1) Dealer Contract of Sale, with related agreements (collectively, the "Dealer Contracts"); (2) PMPA Franchise Agreement and related agreements (collectively, "PMPA Agreement") and (3) Retail Motor Fuel Outlet Lease, which is a lease of the premises at which each of the Debtors operated the gas stations (the "Lease and, collectively with the Dealer Contracts and PMPA Agreement, the "Franchise Agreements"); and

**WHEREAS**, in or about February 2010, Cumberland purchased the rights to own and operate numerous Mobil-branded stations throughout Nassau County and Suffolk County including the station operated by Debtor, Hauppauge Development Corp., and is specifically permitted under its license with Mobil to sublease Mobil's trademark rights to Gulf's tenants and/or sub-franchisees subject to certain terms; and

**WHEREAS**, on March 25, 2015 the Trustee filed a motion [Docket No. 30] seeking an order authorizing and approving the sale of substantially all of the Debtors' assets including certain franchise and lease agreements (the "Assets"), including approval of sale procedures and related procedures, subject to higher and better offers; (ii) authorizing the Trustee to assume and assign certain executory contracts and unexpired leases and (iii) such other and further relief as this Court deems good and proper (the "Sale Motion"); and

**WHEREAS**, On April 3, 2015 the Court entered an order [Docket No. 38] authorizing the Trustee to sell the Debtors' Assets and approving the Bidding Procedures (the "Sale Order"). The Sale Order also required Cumberland to file a cure statement indicating the amounts due to Cumberland under the various agreements between the parties (the "Cure Amount") from each of the Chapter 7 Debtors; and

**WHEREAS**, on April 10, 2015 Cumberland filed its Cure Statement [Docket No. 39]

setting forth the Cure Amount for each of the Chapter 7 Debtors, which includes both a "net cure amount" inclusive of credits due the estate and the amount due from each Debtor jointly and severally under the Omnibus Agreement; and

**WHEREAS**, the auction generated a total of $970,000 in successful bids for five of the seven Debtors' Assets; however, there was an unacceptably low bid for Debtor Hauppauge Development Corp. ("Hauppauge Development"), where the property is leased by Gulf, and there was no bid for A&B Mart & Service, Inc. ("A&B Mart"), where the property is leased by Gulf and the underlying Lease between Gulf and its landlord at A&B Mart expires on December 31, 2015, and,

**WHEREAS**, given the inability to obtain acceptable bids for A&B Mart and Hauppauge and after consultations among the Trustee, Gulf and Keen-Summit Capital Partners (the company retained to auction the Debtors Assets as provided by the Court's Order), it is the business judgment of the Trustee that (1) because of the limited term of the existing franchise and underlying lease, the A&B Mart Assets are not marketable, (2) because of the high rent set forth in the Franchise Agreement among other reasons, the Hauppauge Development Assets are not marketable and therefore each are burdensome and of inconsequential value to their respective estates; and

**WHEREAS**, Gulf, without waiving its rights as set forth below, and the Trustee, are desirous of resolving the Chapter 7 issues so that the Franchises can return to operation and in order to avoid further litigation have reached the following settlement, it is,

**THEREFORE, STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1. The foregoing paragraphs are incorporated herein by reference and agreed to by the parties hereto.

2. The Trustee and Gulf agree that Gulf's Statement of Cure Amount filed

April 10, 2015 [Docket No. 39] ("Statement of Cure") shall be used to determine Gulf's share of proceeds from the auction for the purposes of allocating cure for the Chapter 7 franchises, and Gulf agrees that it waives any amounts of cure yet unclaimed beyond those stated in the April 10 Statement of Cure.

3. The Trustee and Gulf hereby agree to allocate the proceeds from the auction sale of the five Debtors sold as follows: (a) with respect to any Debtor where the Cure Amount is equal to, or greater than, 50% of the highest bid, Cumberland and the Trustee will split the auction sale proceeds equally; (b) with respect to any Debtor where the Cure Amount is less than 50% of the highest bid, the Trustee will pay the Cure Amount in full (along with payment toward the obligations of the Omnibus Agreement until 50% of the proceeds have been reached) and retain the balance of the auction sale proceeds.

4. Cumberland shall not be responsible to pay any closing costs, including commissions, in connection with the auction sale of the Debtors.

5. The following table sets forth the winning bid amount; the amount of the net Cure (less security reserve and credit card credits); the amount of a the Confessed Judgment Promissory Notes ("Omnibus Agreement or the "Notes")[1] due for all Debtors except Bohemia (See Statement of Cure ¶¶ 9-17) and which carry joint and several liability together with amounts owed by the Debtors included in the related Chapter 11 cases; the amounts allocated to the Trustee and Gulf from the auction proceeds; and a summary of how the portion allocated to Gulf was apportioned.[2]

---

1 The Notes for principal and interest due under promissory notes executed by A&B Mart, Centereach Development Corp., Coram Associates Corp., Northport Enterprises Inc., Hauppauge Development Corp., Valley Stream Enterprises Inc., Wheeler Development LLC, Airport Development Corp., Islandia Development Corp., Oceanside Enterprises Inc., Medford Development Corp., Ronkonkoma Development Corp., Brentwood Development Corp., Islip Development Corp., Smithtown Development Corp. and Westbury Enterprises Inc., are as amended and made joint and several by the March 31, 2014 Assignment, Assumption and Omnibus Amendment of Confessed Judgment Promissory Notes

2 The Bid Amounts set forth in the table are based on the highest successful bid. The Debtors' Assets have not yet

| Debtor | Bid | Net Cure not including Note | Note | Trustee $ | Gulf $ | Comments |
|---|---|---|---|---|---|---|
| Valley Stream Ent. | $340,000 | $80,385 | $74,166 | $185,419 | $154,581 | Cure + Note paid |
| Coram Assoc. | $280,000 | $123,830 | $81,658 (balance $64,488) | $140,000 | $140,000 | Cure Paid, some note paid |
| Bohemia Dev. | $100,000 | $53,715 (waive $3,715) | $0 | $50,000 | $50,000 | Cure partially paid |
| Northport Ent. | $100,000 | $151,773 ($101,773 waived) | $0 | $50,000 | $50,000 | Cure partially paid |
| Centereach Dev. | $150,000 | $118,521 ($43,527 waived) | $48,440 | $75,000 | $75,000 | Cure partially paid |
| A&B Mart | NONE | $90,482 waived | $79,736 | | | Cure waived |
| Hauppauge | NONE | $166,417 waived | $81,855 | | | Cure waived |
| TOTALS | $970,000 | $785,123 ($405,914 waived) | $274,515 note balance remains | $500,419 | $469,519 | |

6. Gulf agrees to waive all net cure amounts in excess of the funds allocated to it by the chart above, with the specific exception of amounts due and owing on the Confessed Judgment Promissory Notes for Coram, Centereach, A&B Mart and Hauppauge, totaling $274,515, for which it preserves all rights to seek such funds from the Chapter 11 Debtors.

7. The Trustee hereby waives, releases, surrenders and abandons pursuant to 11 U.S.C. § 554 as burdensome and of inconsequential value to the respective Debtors' estates all rights to the Assets (as that term utilized in the Sale Motion), including the Franchise Agreements, with respect to A&B Mart and Hauppauge Development and Gulf is free to take possession of these locations, including all lease rights therein and may utilize the Franchise Agreements and

---

been sold and therefore the amount actually received with respect to a particular Debtor may be different if the successful bidder is unable to close. However, the formula used by the Trustee and Cumberland in this Stipulation to calculate distributions of the sale proceeds will remain the same.

properties as it sees fit.

       8.      Nothing herein shall be construed as prejudicial to, or a waiver of, any right, claim, or defense under PMPA or other applicable law by Cumberland and/or Gulf with respect to the Chapter 11 Debtor cases.

       9.      This Stipulation and Settlement is subject to entry of a final Court Order approving its terms and otherwise and is otherwise governed by Fed. R. Evid. 408

Dated: New York, New York  
      May 15, 2015

MCCUSKER, ANSELMI, ROSEN  
& CARVELLI, P.C.  
Attorneys for Cumberland Farms, Inc.  
and Gulf Oil Limited Partnership

By:   /s/Bruce S. Rosen  
      Bruce S. Rosen  
      805 Third Avenue, 12th Floor  
      New York, New York 10022  
      212-308-0070

Dated: Westbury, New York  
      May 15, 2015

PRYOR & MANDELUP, L. L.P.  
Attorneys for Robert L. Pryor, Interim Trustee

By:   /s/Anthony F. Giuliano  
      Anthony F. Giuliano  
      675 Old Country Road  
      Westbury, NY 11590  
      516-997-0999

**SO ORDERED:**



**Dated: June 4, 2015**  
     **Central Islip, New York**

     **Alan S. Trust**  
**United States Bankruptcy Judge**